IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| M.S., a minor, by and through her parent, J.S.,<br><br>Plaintiff,<br><br>v.<br><br>UTAH SCHOOL FOR THE DEAF AND THE BLIND,<br><br>Defendant. | MEMORANDUM DECISION AND ORDER GRANTING PLAINTIFF'S RULE 56(d) MOTION AND DENYING DEFENDANT'S MOTION TO STRIKE<br><br><br>Case No. 2:13-CV-420-TS<br><br>District Judge Ted Stewart |

This matter is before the Court on Defendant's Motion for Summary Judgment, Plaintiff's Motion for Additional Time to Respond to Summary Judgment or in the Alternative to Strike Defendant's Summary Judgment Motion and Supporting Memorandum ("Rule 56(d) Motion"), and Defendant's Objection to Reply Memorandum in Support of Plaintiff's Rule 56(d) Motion and in Response to Defendant's Reply to Plaintiff's Response for Summary Judgment ("Motion to Strike"). For the reasons set forth below, the Court will grant Plaintiff's Rule 56(d) Motion to allow additional time for Plaintiff to respond to Defendant's Motion for Summary Judgment, and deny Defendant's Motion to Strike.

I.  BACKGROUND

In August of 2016, the Court held a scheduling conference to resolve the pending issues in this case. At the scheduling conference, the parties agreed it was necessary to conduct further discovery. The Court set a two-day evidentiary hearing to begin on December 7, 2016. On October 7, 2016, Defendant filed a Motion for Summary Judgment. Subsequently, the Court

1

struck the scheduled two-day evidentiary hearing upon granting Defendant's Expedited Motion to Continue Discovery and Evidentiary Hearing.[1]

On November 11, 2016, Plaintiff filed a Rule 56(d) Motion alleging she had not yet obtained the necessary discovery to adequately respond to Defendant's Motion for Summary Judgment and requesting additional time to respond or, in the alternative, requesting that the Court strike Defendant's Motion. Defendant filed two memoranda in response to Plaintiff's Rule 56(d) Motion: A reply memorandum addressing Plaintiff's Motion as though it were a response memorandum to Defendant's Motion for Summary Judgment, and a response memorandum addressing Plaintiff's same Motion as a Rule 56(d) motion. On December 19, 2016, Plaintiff filed a reply memorandum in support of the Rule 56(d) Motion and, on December 22, 2016, Plaintiff filed an additional reply memorandum in response to Defendant's Reply memorandum ("Plaintiff's Second Reply"). A request to submit for decision on both Defendant's Motion for Summary Judgment and Plaintiff's Rule 56(d) Motion was filed on January 31, 2017.

## II. DISCUSSION

A.  RULE 56(d) MOTION AND MOTION FOR SUMMARY JUDGMENT

Defendant argues that Plaintiff's Rule 56(d) Motion is improper under DUCivR 7-1(b)(1)(A), which states that motions may not be included in response or reply memorandum, but instead "must be made in a separate document."[2] Plaintiff properly filed its Rule 56(d) Motion as a separate document as required by the Rule. The Court therefore rejects Defendant's argument and will consider the merits of Plaintiff's Motion.

---

[1] *See* Docket No. 83.

[2] DUCivR 7-1(b)(1)(A).

The Tenth Circuit has enumerated four threshold requirements the party opposing summary judgment must identify by declaration or affidavit to succeed on a Rule 56(d) motion: "(1) the probable facts not available, (2) why those facts cannot be presented currently, (3) what steps have been taken to obtain these facts, and (4) how additional time will enable the party to obtain those facts and rebut the motion for summary judgment."[3] If the nonmovant meets this standard, Rule 56(d) allows the court to "defer considering the motion . . . or issue any other appropriate order."[4]

The Court finds the declarations included in Plaintiff's Motion meet the above-stated standard. The Court will therefore grant Plaintiff's Rule 56(d) Motion and defer considering Defendant's Motion for Summary Judgment until the matter has been fully briefed.[5]

B.  MOTION TO STRIKE PLAINTIFF'S SECOND REPLY

Defendant requests that the Court strike Plaintiff's Second Reply Memorandum, arguing it is additional memoranda which may not be filed without the Court's leave under DUCivR 7-1(b)(2)(A). The Court declines to strike Plaintiff's Second Memorandum given the excess briefing filed by both parties on this matter.

---

[3] *Valley Forge Ins. Co. v. Health Care Mgmt. Partners, Ltd.*, 616 F.3d 1086, 1096 (10th Cir. 2010) (quoting *Comm. for the First Amendment v. Campbell*, 962 F.2d 1517, 1522 (10th Cir.1992)) (internal quotation marks omitted).

[4] Fed. R. Civ. P. 56(d).

[5] The Court denies Plaintiff's alternative request to strike Defendant's Motion for Summary Judgment.

### III. CONCLUSION

It is therefore

ORDERED that Plaintiff's Motion for Additional Time to Respond to Summary Judgment or in the Alternative to Strike Defendant's Summary Judgment Motion and Supporting Memorandum (Docket No. 92) is GRANTED.  Plaintiff will be allowed to file a response to Defendant's Motion for Summary Judgment within twenty-eight (28) days after the completion of discovery. Defendant may then file a reply memorandum within fourteen (14) days pursuant to DUCivR7-1(b)(3). When the Motion for Summary Judgment is fully briefed, the Court will set a hearing on the matter.

It is further ORDERED that Defendant's Objection to Reply Memorandum in Support of Plaintiff's Rule 56(d) Motion and in Response to Defendant's Reply to Plaintiff's Response for Summary Judgment (Docket No. 107) is DENIED.

DATED this 9th day of March, 2017.

BY THE COURT:

_____
Ted Stewart
United States District Judge